# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RHONDA GOEKE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REVOLUTION LABORATORIES L.L.C. et al.,<br><br>Defendants. | Case No.: 3:14-cv-00806-SMY-DGW<br><br>Judge Staci M. Yandle |

## DEFENDANT REV LABS MANAGEMENT, INC'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Rev Labs Management, Inc. for itself unless otherwise stated below, hereby answers plaintiff's complaint as follows, and denies all allegations unless expressly admitted herein:

1. Denies, except that Rev Labs Management admits only that plaintiff brings this proposed class action against defendants based on the unverified allegations in paragraph one of the complaint.

2. Admits.

3. Admits.

4. Plaintiff dismissed Joshua Nussbaum after filing her complaint. Therefore, Rev Labs Management takes the position that no response is necessary.

5. Denies, except that Rev Labs Management admits only that Rev Labs Management Inc. is a domestic corporation registered in Nevada, and is the Manager of Defendant Revolution Laboratories, a limited liability company.

8820996-v2

6. Plaintiff dismissed Moncada after filing her complaint. Therefore, Rev Labs Management takes the position that no response is necessary.

7. Plaintiff dismissed L.R. Nevada Investments LLC after filing her complaint. Therefore, Rev Labs Management takes the position that no response is necessary.

8. Plaintiff dismissed LR Nevada Investments-JC Management LLC after filing her complaint. Therefore, Rev Labs Management takes the position that no response is necessary.

9. Plaintiff dismissed LR Nevada Investments LLC-MP Management LLC after filing her complaint. Therefore, Rev Labs Management takes the position that no response is necessary.

10. Plaintiff dismissed Barry Nussbaum after filing her complaint. Therefore, Rev Labs Management takes the position that no response is necessary.

11. Denies.

12. Denies, except that Rev Labs Management admits only that plaintiff states its claims arise out of defendants' alleged internet advertisement and sale of a dietary supplement called "Green Coffee Bean Extract" to plaintiff in Perry County, Illinois.

13. Rev Labs Management does not currently contest that this Court has subject matter jurisdiction over plaintiff's complaint or supplemental jurisdiction over plaintiff's state law claims.

14. Denies.

15. Denies, except that Rev Labs Management does not currently contest that this Court has personal jurisdiction over the defendants that have appeared in this case.

8820996-v2

16. Denies, except that Rev Labs Management admits only that since September 2012, Revolution Labs has advertised, marketed, promoted, offered for sale, and sold numerous weight loss dietary supplements via internet websites throughout the United States, including a dietary supplement marketed as "Green Coffee Bean Extract."

17. Denies, except that Rev Labs Management admits only that Green Coffee Bean Extract can be purchased through the website www.greencoffeebeanrevolution.com. Rev Labs Management states that the graphic depicted below paragraph 17 of plaintiff's complaint is a materially incomplete representation of the website www.greencoffeebeanrevolution.com at a minimum because the offer's subscription terms appear on the actual webpage.

18. Rev Labs Management denies the allegations as to Green Coffee Bean Extract which is the only product at issue in this lawsuit. Rev Labs Management states that the graphic that appears below paragraph 18 of plaintiff's complaint does not reference Green Coffee Bean Extract.

19. Rev Labs Management denies the allegations as to Green Coffee Bean Extract which is the only product at issue in this lawsuit. Rev Labs Management did not create or host the graphics that appear below paragraph 19 of plaintiff's complaint.

20. Denies.

21. Denies, except that Rev Labs Management admits only that "[t]he Chlorogenic acid found in Green Coffee Beans is a natural phytochemical that is found in a wide array of plants, with very high concentrations in Green Coffee Beans," "[i]t has been found to inhibit the release of glucose into the blood, particularly after meals," and "may be able to induce body fat loss by increasing body heat produced, thus promoting

3

thermogenesis, the natural burning of fat for energy" appears on the website greencoffeebeanrevolution.com.

22. Denies.

23. Denies, except that Rev Labs Management admits only that the statements quoted in subparagraphs (a) through (h) are stated on the website www.greencoffeebeanrevolution.com. Rev Labs Management did not create or host the graphics that appear below subsections (i) thru (r) of paragraph 19 of plaintiff's complaint.

24. Denies, except that Rev Labs Management admits only that the statements quoted in subparagraphs (a) through (c) are stated on the website www.greencoffeebeanrevolution.com.

25. Denies.

26. Denies.

27. Denies, except that Rev Labs Management admits only that the statement quoted in subparagraphs (a) thru (c) are stated on the website www.greencoffeebeanrevolution.com.

28. Denies, except that Rev Labs Management admits only that the statements quoted in subparagraphs (a) through (c) are stated on the checkout page corresponding to the website www.greencoffeebeanrevolution.com.

29. Denies.

30. Denies, except that Rev Labs Management admits only that the graphic that appears below paragraph 30 of plaintiff's complaint accurately reflects a portion of the checkout page corresponding to the website www.greencoffeebeanrevolution.com.

31. Denies, except that Rev Labs Management admits only that the checkout page corresponding to the website www.greencoffeebeanrevolution.com states in part that: "If you don't cancel before the end of the 14 day trial time, you will be charged the full price of $84.63 for the trial product in hand and then you will be sent a new supply 45 days from the initial sale, followed by a new 30 day supply every thirty days thereafter until cancel or the maximum of 6 months." Rev Labs Management states that the graphic depicted below paragraph 31 of plaintiff's complaint is a materially incomplete representation of the checkout page corresponding to the website www.greencoffeebeanrevolution.com at a minimum because the offer's subscription terms appear on the actual webpage.

32. Denies, except that Rev Labs Management admits only that the checkout page corresponding to the website www.greencoffeebeanrevolution.com states in part that: "If you don't cancel before the end of the 14 day trial time, you will be charged the full price of $84.63 for the trial product in hand and then you will be sent a new supply 45 days from the initial sale, followed by a new 30 day supply every thirty days thereafter until cancel or the maximum of 6 months."

33. Admits.

34. Rev Labs Management admits only that the checkout page corresponding to the website www.greencoffeebeanrevolution.com states in part that "[w]e ship the product the day after you place your order (except that orders placed Saturday-Sunday will be shipped the following Monday)" and "[p]lease allow 2-5 business for the order to arrive." Rev Labs Management lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies them.

35. Denies, except that Rev Labs Management admits only that the checkout page corresponding to the website www.greencoffeebeanrevolution.com states in part that: "If you don't cancel before the end of the 14 day trial time, you will be charged the full price of $84.63 for the trial product in hand and then you will be sent a new supply 45 days from the initial sale, followed by a new 30 day supply every thirty days thereafter until cancel or the maximum of 6 months."

36. Denies.

37. Denies.

38. Denies, except that Rev Labs Management admits only that the checkout page corresponding to the website www.greencoffeebeanrevolution.com states in part "No Commitments."

39. Denies.

40. Denies.

41. Denies, except that Rev Labs Management admits only that the membership terms are disclosed on the checkout page corresponding to the website www.greencoffeebeanrevolution.com.

42. Denies.

43. Denies.

44. Denies.

45. Rev Labs Management lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

46. Denies.

47. Denies.

8820996-v2

48. Denies.

49. Denies.

50. Denies.

51. Denies.

52. Denies.

53. Denies.

54. Denies.

55. Rev Labs Management lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

56. Rev Labs Management lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

57. Rev Labs Management lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

58. Rev Labs Management lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them except that Rev Labs Management admits that plaintiff submitted contact information to Rev Labs Management.

59. Rev Labs Management lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

60. Denies, except that Rev Labs Management admits only that plaintiff provided her credit card information to complete her purchase.

61. Denies.

62. Denies.

63.     Rev Labs Management lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

64.     Denies.

65.     Denies.

66.     Denies.

67.     Denies.

68.     Denies.

69.     Denies.

70.     Rev Labs Management lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

71.     Denies.

72.     Denies.

73.     Rev Labs Management admits only that plaintiff seeks to represent the class defined in this paragraph but denies that the proposed class can or should be certified under FRCP 23.

74.     Rev Labs Management admits only that plaintiff seeks to represent the class defined in this paragraph but denies that the proposed class can or should be certified under FRCP 23.

75.     Rev Labs Management admits only that plaintiff purports to exclude from "both Class 1 and Class 2" the persons and entities listed in paragraph 75 of the complaint. Rev Labs Management denies that "Class 1" or "Class 2" can or should be certified under FRCP 23.

76.     Denies.

77. Denies.

78. Denies.

79. Denies.

80. Denies, except that Rev Labs Management lacks knowledge or information sufficient to form a belief about the truth of the allegations with respect to whether plaintiff retained counsel competent and experienced in prosecuting class actions.

81. Denies.

82. Denies.

83. Rev Labs Management incorporates by reference its responses to paragraphs 1-82 of the complaint.

84. Denies, except that Rev Labs Management admits only that plaintiff purports to bring her claim individually and on behalf of members of the proposed Class 1 against defendants.

85. Admits.

86. Admits.

87. Admits.

88. Denies.

89. Denies.

90. Denies.

91. Denies.

92. Denies.

93. Denies.

94. Denies.

9

8820996-v2

95. Rev Labs Management denies that plaintiff or any class member is entitled to any relief requested in paragraph 95 of the complaint but admits only that plaintiff requests the relief set forth in paragraph 95 of the complaint.

96. Rev Labs Management denies that plaintiff or any class member is entitled to any relief requested in paragraph 96 of the complaint but admits only that plaintiff requests the relief set forth in paragraph 96 of the complaint.

97. Rev Labs Management denies that plaintiff or any class member is entitled to any relief requested in paragraph 97 of the complaint but admits only that plaintiff requests the relief set forth in paragraph 97 of the complaint.

98. Rev Labs Management denies that plaintiff or any class member is entitled to any relief requested in paragraph 98 of the complaint but admits only that plaintiff requests the relief set forth in paragraph 98 of the complaint.

99. Rev Labs Management incorporates by reference its responses to paragraphs 1-98 of the complaint.

100. Denies, except that Rev Labs Management admits that plaintiff purports to bring her claim individually and on behalf of members of the proposed Class 2 against defendants.

101. Admits.

102. Admits.

103. Denies.

104. Denies.

105. Denies, except that Rev Labs Management admits only that EFTA provides for remedies set forth in the statute.

8820996-v2

106. Denies.

107. Rev Labs Management denies that plaintiff or any class member is entitled to any relief requested in paragraph 107 of the complaint but admits only that plaintiff requests the relief set forth in paragraph 107 of the complaint.

108. Rev Labs Management denies that plaintiff or any class member is entitled to any relief requested in paragraph 108 of the complaint but admits only that plaintiff requests the relief set forth in paragraph 108 of the complaint.

109. Rev Labs Management denies that plaintiff or any class member is entitled to any relief requested in paragraph 109 of the complaint but admits only that plaintiff requests the relief set forth in paragraph 109 of the complaint.

110. Rev Labs Management incorporates by reference its responses to paragraphs 1-109 of the complaint.

111. Denies, except that Rev Labs Management admits that plaintiff purports to bring her claim individually and on behalf of members of the proposed Class 1 and Class 2 against defendants.

112. Admits, except that Rev Labs Management denies that any defendant violated NDPTA or any other law by reason of the allegations in plaintiff's complaint.

113. Denies.

114. Denies.

115. Denies.

116. Denies.

117. Rev Labs Management denies that plaintiff or any class member is entitled to any relief requested in paragraph 117 of the complaint but admits only that plaintiff requests the relief set forth in paragraph 117 of the complaint.

118. Rev Labs Management denies that plaintiff or any class member is entitled to any relief requested in paragraph 118 of the complaint but admits only that plaintiff requests the relief set forth in paragraph 118 of the complaint.

119. Rev Labs Management denies that plaintiff or any class member is entitled to any relief requested in paragraph 119 of the complaint but admits only that plaintiff requests the relief set forth in paragraph 119 of the complaint.

\*\* In response to plaintiff's unnumbered paragraph entitled, "Prayer for Relief", Rev Labs Management denies that plaintiff or any putative class member is entitled to any of the relief they seek from Revolution Laboratories.

## **AFFIRMATIVE DEFENSES**

Rev Labs Management asserts the affirmative defenses set forth below, each as separate and distinct affirmative defenses to plaintiff's alleged causes of action. Insofar as any of the following expresses denial of an element of any claim alleged against Rev Labs Management, such expression does not indicate that plaintiff is relieved of its burden to prove each and every element of any such claims claim or that Rev Labs Management has assumed any burden of proof. Rev Labs Management hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during, for example, pre-trial proceedings in this case, and hereby reserves the right to amend this answer and offer or assert additional defenses that cannot now be articulated because, among other reasons, Rev Labs Management has not completed discovery.

12
8820996-v2

## GENERAL ALLEGATIONS

1. Some of all of the putative class members, including plaintiff, expressly consented to the subscription terms associated with Green Coffee Been Extract. Although the actual wording on the checkout page for the offer varied, paragraph 41 of plaintiff's complaint alleges that the subscription terms on the checkout page corresponding to the website greencoffeebeanrevolution.com stated in part that "If you don't cancel before the end of the 14 day trial time, you will be charged the full price of $84.63 for the trial product in hand and then you will be sent a new supply 45 days from the initial sale, followed by a new 30 day supply every thirty days thereafter until cancel or the maximum of 6 months." These terms were not "buried" as plaintiff suggests. Further, according to paragraph 31 of plaintiff's complaint, a checkbox, which Rev Labs Management states needs to be checked before completing an order on such page, states as follows: "I am at least 18 years old and agree to the <u>Terms and Conditions</u>, <u>Privacy Policy</u> and <u>Refund Policy</u>. I understand my membership will run for 6 months, and I can call 1-888-973-8522 to cancel my membership anytime."

2. Some of all of the putative class members, including plaintiff, expressly consented to the 14-day trial terms associated with Green Coffee Been Extract. Although the actual wording on the checkout page varied, paragraph 41 of plaintiff's complaint alleges that the 14-day trial terms on the checkout page corresponding to the website greencoffeebeanrevolution.com stated in part that "If you are not satisfied with your trial order please call within 14 days of your order to cancel" and "If you don't cancel before the end of the 14 day trial time, you will be charged the full price of $84.63 for the trial product in hand and then you will be sent a new supply 45 days from the initial sale,

13

followed by a new 30 day supply every thirty days thereafter until cancel or the maximum of 6 months." These terms were not "buried" as plaintiff suggests. Further, according to paragraph 31 of plaintiff's complaint, a checkbox, which Rev Labs Management states needs to be checked before completing an order on such page, states as follows: "I am at least 18 years old and agree to the <u>Terms and Conditions</u>, <u>Privacy Policy</u> and <u>Refund Policy</u>. I understand my membership will run for 6 months, and I can call 1-888-973-8522 to cancel my membership anytime."

## AFFIRMATIVE DEFENSES

Rev Labs Management incorporates into each of the affirmative defenses set forth below paragraphs 1 and 2 immediately above, and states for its affirmative defenses as follows:

1. Plaintiff, and some or all of the putative class members, lack standing. Plaintiff, and some or all of the putative class members, consented to the Green Coffee Bean Extract subscription terms and 14-day trial terms over which they complain as alleged above. Therefore, plaintiff, and some or all of the putative class members, suffered no injury in fact. Alternatively, they suffered no injury fairly traceable to Rev Labs Management.

2. Plaintiff's claims, and some or all of the claims of the putative class members, are barred by the doctrine of waiver. Plaintiff, and some or all of the putative class members, knew or should have known about the subscription terms and 14-day trial terms over which they complain. Nevertheless, they continued with their purchases anyway. Accordingly, they cannot now complain about the subscription terms or trial terms.

8820996-v2

3. Plaintiff's claims, and some or all of the claims of the putative class members, are barred by the doctrine of estoppel. When the plaintiff, and some or all of the putative class members, submitted their orders, they manifested to Revolution Labs that they consented to the subscription terms and 14-day trial terms. Rev Labs Management, thru Revolution Labs or otherwise, relied on these manifestations when processing the orders or managing them, apparently to the detriment of Rev Labs Management, because Rev Labs Management is now forced to defend this lawsuit.

4. Plaintiff's claims, and some or all of the claims of the putative class members, are barred by the doctrine of consent. Plaintiff, and some or all of the putative class members, consented to the subscription terms and 14-day trial terms when they submitted their orders as alleged by Rev Labs Management herein.

5. Plaintiff's claims, and some or all of the claims of the putative class members, are barred because she, and some or all of the putative class members, failed to mitigate their damages. If plaintiff had cancelled or complained when she received the first charge that she claims was unauthorized then she would not have incurred $423.15 as she alleges in paragraph 71 of her complaint. Class members that fit into this or similar fact patterns failed to mitigate their damages also.

6. Plaintiff's claims, and some or all of the claims of the putative class members, are barred by the voluntary payment doctrine. Plaintiff, and some or all of the putative class members, paid money for Green Coffee Bean Extract with full knowledge of the facts and circumstances surrounding their purchases including the subscription terms and 14-day trial terms. Indeed, plaintiff alleges in paragraph 71 of her complaint that she paid $423.15 over several months. Plaintiff, and putative class members under similar

circumstances, made these payments voluntarily, and without compulsion, mistake or duress. Accordingly, plaintiff's claims, and those of putative class members with similar facts, are barred by the voluntary payment doctrine.

7. Plaintiff alleges in paragraph of her complaint that she used a credit card to purchase Green Coffee Bean Extract. Therefore, plaintiff, and putative class members who used credit cards to purchase Green Coffee Bean Extract, cannot sue for Electronic Funds Transfer Act violations on the ground of unauthorized debits.

**PRAYER FOR RELIEF**

WHEREFORE, Rev Labs Management prays as follows:

A. That judgment be rendered in favor of Rev Labs Management with respect to all counts and causes of action set forth in Plaintiff's Class Action Complaint;

B. That plaintiff's complaint be dismissed in its entirety with prejudice;

C. That plaintiff takes nothing by reason of her complaint;

D. That Rev Labs Management be awarded its costs of suit incurred in defense of this action;

E. That Rev Labs Management be awarded its attorneys' fees if permissible by any applicable law; and

D. For such other relief in Rev Labs Management favor as the Court deems just and proper.

\* \* \*

8820996-v2

Dated:  November 28, 2014					Respectfully submitted,


							By:	/s/ Ari N. Rothman
								Aril N. Rothman
								VENABLE LLP
								575 7th Street, NW
								Washington, DC 20004
								(202) 344-4000 (telephone)
								(202) 344-8300 (facsimile)
								email: anothman@venable.com
								*Counsel for Rev Labs Management, Inc.*

8820996-v2

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of November, 2014, a copy of the foregoing DEFENDANT REV LABS MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT was served via ECF on counsel for plaintiff as follows:

Matthew H. Armstrong
Armstrong Law Firm LLC
8816 Manchester Road, No. 109
St. Louis, MO 63144
matt@mattarmstronglaw.com


/s/ Ari N. Rothman
Ari N. Rothman
*Counsel for Defendant Rev Labs Management, Inc.*